# EXHIBIT C

Electronically Served: 10/23/2017 12:22:25 PM
Location: Kent County Superior Court
Case Number: KD-2017-0293

STATE OF RHODE ISLAND                                  SUPERIOR COURT
KENT, SC

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
                                                       CA NO. KD-2017-0293
                    Plaintiff,

        vs.

LOUIS M. LESNIAK,

                    Defendant.

## PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S RESPONSES TO FIRST SET OF REQUEST FOR ADMISSIONS TO FEDERAL NATIONAL MORTGAGE ASSOCIATION[1]

Pursuant to Rule 36 of the Rhode Island Superior Court Rules of Civil Procedure,

Plaintiff Federal National Mortgage Association ("Plaintiff" or "Fannie Mae"), hereby responds

to the First Set of Request For Admissions To Mortgage Electronic Registration Systems, Inc.

[sic] dated May 17, 2017 and states as follows:

These answers are made solely for the purpose of the above-captioned action.  All

information presented in response to said requests for admissions is subjection to all objections

as to competence, relevance, materiality, propriety, and admissibility and any and all other

objections and grounds that would require the exclusion of such information if it were sought to

be introduced at the trial of this action, all of which objections and grounds are hereby expressly

reserved and may be interposed at any time.

---

[1] Defendant's First Set of Request for Admissions purports to be directed toward Mortgage Electronic Registration Systems, Inc., a non-party to this matter.  Plaintiff Federal National Mortgage Association interprets this title as a typographical error because the First Set of Request for Admissions were served upon Plaintiff and state that "Defendant Louis Lesniak requests that Plaintiff, Federal National Mortgage Association . . . admit or deny the following statements."

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

Fannie Mae has not completed its discovery, investigation and analysis in this matter. Accordingly, these responses are given without prejudice to Fannie Mae's right to provide further responses, and Fannie Mae expressly reserves the right to supplement and/or amend any response provided herein if it is determined, in its preparation of this action, that any response was incomplete, inaccurate, or does not correctly state the contentions of Fannie Mae based upon information which was not available to it at the time these responses were prepared or which was inadvertently omitted from these responses.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**

Wells Fargo has never owned Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 2:**

Wells Fargo has never owned Defendant's mortgage.

**RESPONSE:**

To the extent that "Defendant's mortgage" refers to the Mortgage executed by Defendant dated March 27, 2006 in favor of Providence Postal Credit Union in and to the property located at 7 Dion Avenue, Coventry, Rhode Island 02816 (the "Property"), denied.

**REQUEST NO. 3:**

Defendant executed a mortgage to PPFCU.

**RESPONSE:**

Admitted.

**REQUEST NO. 4:**

Defendant did not grant Mortgage to MERS.

Electronically Served: 10/23/2017 12:22:25 PM
Providence/Bristol County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Admitted.  Further responding, Plaintiff states that Providence Postal Credit Union assigned the Mortgage granted to Defendant in and to the property located at 7 Dion Avenue, Coventry, Rhode Island 02816 dated Marcy 27, 2006 to Mortgage Electronic Registration Systems, Inc. its Successors and Assigns, as Nominee for Ohio Savings Bank, its Successors and Assigns, on or about March 27, 2006 and recorded in the Town of Coventry Land Evidence Records on March 31, 2006 in Book 1717 at Page 171.

**REQUEST NO. 5:**

MERS did not hold the Defendant's note to PPFCU at any time.

**RESPONSE:**

Plaintiff lacks sufficient information to admit or deny this Request, as Ohio Savings Bank endorsed the Note in blank.  Further answering, Plaintiff admits that Mortgage Electronic Registration Systems, Inc. ("MERS") did not hold the Defendant's note to PPFCU at any time subsequent to August 4, 2006, as Plaintiff has been the note's holder since that time.

**REQUEST NO. 6:**

MERS did not possess the Defendant's s note to PPFCU at any time.

**RESPONSE:**

Plaintiff lacks sufficient information to admit or deny this Request.

**REQUEST NO. 7:**

MERS has never held the Defendant's note at any time.

**RESPONSE:**

Plaintiff lacks sufficient information to admit or deny this Request, as Ohio Savings Bank endorsed the Note in blank.  Further answering, Plaintiff admits that MERS did not hold the

3

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

Defendant's note to PPFCU at any time subsequent to August 4, 2006, as Plaintiff has been the note's holder since that time.

**REQUEST NO. 8:**

MERS has never possessed the Defendant's note at any time.

**RESPONSE:**

Plaintiff lacks sufficient information to admit or deny this Request.

**REQUEST NO. 9:**

On October 14, 2008 MERS was not owed any indebtedness under the Defendant's note.

**RESPONSE:**

Admitted. Further answering, Plaintiff states that it held the Note as of October 14, 2008. The Note speaks for itself. MERS assigned the Mortgage to Wells Fargo Bank, N.A. by way of an Assignment of Mortgage executed October 14, 2008 and recorded in the Town of Coventry Land Evidence Records on October 16, 2008 in Book 1817 at Page 920. The Assignment of Mortgage is a public document and it speaks for itself.

**REQUEST NO. 10:**

MERS on October 14, 2008 was not the agent for the owner of the Defendant's mortgage note.

**RESPONSE:**

Denied. On October 14, 2008, MERS held the mortgage as Nominee for Ohio Savings Bank, its Successors and Assigns. MERS assigned the Mortgage to Wells Fargo Bank, N.A. by way of an Assignment of Mortgage executed October 14, 2008 and recorded in the Town of Coventry Land Evidence Records on October 16, 2008 in Book 1817 at Page 920.

**REQUEST NO. 11:**

The promissory note signed by the Defendant has been lost.

**RESPONSE:**

Denied.

**REQUEST NO. 12:**

On October 14, 2008 MERS was not an agent for Ohio Savings Bank.

**RESPONSE:**

Plaintiff cannot truthfully admit or deny the matter, as Fannie Mae cannot attest to the

agency and authority of MERS to act on behalf of Ohio Savings Bank.

**REQUEST NO. 13:**

MERS on October 14, 2008 could act as a nominee only through a grant of authority by
the mortgage executed by the Defendant.

**RESPONSE:**

Denied.

**REQUEST NO. 14:**

MERS was never assigned Defendant's Note.

**RESPONSE:**

Plaintiff lacks sufficient information to admit or deny this Request, as Ohio Savings Bank

endorsed the Note in blank.  Further answering, Plaintiff admits that MERS did not hold the

Defendant's note to PPFCU at any time subsequent to August 4, 2006, as Plaintiff has been the

Note's holder since that time.

**REQUEST NO. 15:**

Wells Fargo has never owned Defendant's mortgage.

**RESPONSE:**

Denied.  MERS assigned the Mortgage to Wells Fargo Bank, N.A. by way of an

Assignment of Mortgage executed October 14, 2008 and recorded in the Town of Coventry Land

Evidence Records on October 16, 2008 in Book 1817 at Page 920.

**REQUEST NO. 16:**

Wells Fargo has never owned Defendant's mortgage note.

**RESPONSE:**

Admitted.

**REQUEST NO. 17:**

After origination, Defendant's mortgage was assigned to a FNMA secured trust.

**RESPONSE:**

Admitted.  From August 4, 2006 to on or about February 23, 2010, Defendant's

Mortgage was placed in the Fannie Mae Mortgage-Backed Security Pool Number 884241.  At all

times Fannie Mae was the Note's holder, and the Mortgage was serviced on Fannie Mae's behalf

by Wells Fargo.

**REQUEST NO. 18**

Exhibit A is a genuine and authentic copy of Defendant's mortgage.

**RESPONSE:**

Plaintiff admits that Exhibit A is an accurate copy of the Mortgage, which is a publicly

recorded document and speaks for itself.

**REQUEST NO. 19:**

Exhibit B is a genuine and authentic copy of Defendant's note.

**RESPONSE:**

Denied.  The Allonge to the Note in Exhibit B is missing the endorsement in blank,

without recourse, executed by Ohio Savings Bank.  *See* Exhibit 1, attached hereto.

**REQUEST NO. 20:**

Wells Fargo never mailed Defendant a Default letter pursuant to paragraph 22 of his
mortgage.

**RESPONSE:**

Denied.  Wells Fargo, as servicer for Fannie Mae, mailed written notice dated August 1, 2010 to Defendant of his default and Wells Fargo's right to accelerate the Mortgage loan if Defendant does not pay the total past due amount by September 15, 2010 (the "Acceleration Letter").  The August 1, 2010 notice speaks for itself.  Specifically, the notice stated:  "The past due payments on this loan are to be made by September 15, 2010, or it will become necessary for us to accelerate the Mortgage Note and pursue the remedies against the property as provided for in the Mortgage or Deed of Trust. . . .  Total due to cure the default and bring the loan current as of August 1, 2010[:]  $28,344.88 . . . .  To avoid the possibility of acceleration, you must pay this amount plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date on this notice and on or before September 15, 2010 in CERTIFIED funds to **Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017.**"  (Emphasis in original.)  *See* Exhibit 2, attached hereto.

**REQUEST NO. 21:**

FNMA never mailed Defendant a Default letter pursuant to paragraph 22 of his mortgage.

**RESPONSE:**

Denied.  *See* Response to Request No. 20.

**REQUEST NO. 22:**

Wells Fargo never mailed Defendant a Default letter pursuant to paragraph 22 of his mortgage.

**RESPONSE:**

Denied.  *See* Response to Request No. 20.

**REQUEST NO. 23:**

No person or entity acting on behalf of the owner of the mortgage mailed Defendant a Default letter pursuant to paragraph 22 of his mortgage.

7

Electronically Served: 10/23/2017 12:22:25 PM
Providence/Bristol County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Denied. *See* Response to Request No. 20.

**REQUEST NO. 24:**

Wells Fargo never mailed Defendant a Default letter which specified a particular date by which any arrearage had to be cured.

**RESPONSE:**

Denied. *See* Response to Request No. 20.

**REQUEST NO. 25:**

FNMA never mailed Defendant a Default letter which specified a particular date by which any arrearage had to be cured.

**RESPONSE:**

Denied. *See* Response to Request No. 20.

**REQUEST NO. 26:**

No person or entity acting on behalf of the owner of the mortgage mailed Defendant a Default letter which specified a particular date by which any arrearage had to be cured.

**RESPONSE:**

Denied. *See* Response to Request No. 20.

**REQUEST NO. 27:**

Wells Fargo never mailed Defendant a Default letter which indicated that Defendant had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

**RESPONSE:**

Denied. *See* Response to Request No. 20. Further answering, the notice dated August 1, 2010 (referred to in Response No. 20) speaks for itself. It stated: "If foreclosure is initiated, you will have the right to bring a court action to refute the existence of a default or offer any other defense to acceleration you may deem appropriate. You have the right to bring a court action to

8

assert the non-existence of a default or any other defense you may have to acceleration and sale."

*See* Exhibit 2.

## REQUEST NO. 28:

FNMA never mailed Defendant a Default letter which indicated that Defendant had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

## RESPONSE:

Denied. *See* Responses to Request Nos. 20 and 27.

## REQUEST NO. 29:

No person or entity acting on behalf of the owner of the mortgage mailed Defendant a Default letter which indicated that Defendant had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

## RESPONSE:

Denied. *See* Responses to Request Nos. 20 and 27.

## REQUEST NO. 30:

Wells Fargo never mailed Defendant a default letter which indicated that failure to cure the default on or before the date specified in the notice may result in acceleration of the he sums secured by the Security Instrument and sale of the property.

## RESPONSE:

Denied. *See* Responses to Request Nos. 20 and 27.

## REQUEST NO. 31:

No person or entity acting on behalf of the owner of the mortgage mailed Defendant a default letter which indicated that failure to cure the default on or before the date specified in the notice may result in acceleration of the he sums secured by the Security Instrument and sale of the property.

## RESPONSE:

Denied. *See* Response to Request Nos. 20 and 27.

9

**REQUEST NO. 32:**

Plaintiff does not possess a copy of a default letter, mailed to the Defendant pursuant to the terms of paragraph 22 of the mortgage.

**RESPONSE:**

Denied.

**REQUEST NO. 33:**

Plaintiff does not possess the original promissory note.

**RESPONSE:**

Denied.

**REQUEST NO. 34:**

The custodian for FNMA does not possess the original promissory note.

**RESPONSE:**

Denied.

**REQUEST NO. 35:**

Plaintiff does not have proof of the mailing of any default letter mailed to the Defendant.

**RESPONSE:**

Denied.

**REQUEST NO. 36:**

Plaintiff does not have proof of the mailing of any acceleration letter sent to the Defendant.

**RESPONSE:**

Denied.

**REQUEST NO. 37:**

On October 14, 2008 MERS did not own Defendant's mortgage.

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Denied.  On October 14, 2008, MERS held the mortgage as Nominee for Ohio Savings Bank, its Successors and Assigns.  MERS assigned the Mortgage to Wells Fargo Bank, N.A. by way of an Assignment of Mortgage executed October 14, 2008 and recorded in the Town of Coventry Land Evidence Records on October 16, 2008 in Book 1817 at Page 920.  The Assignment of Mortgage is a public document and it speaks for itself.

**REQUEST NO. 38:**

On October 14, 2008 MERS did not own Defendant's note.

**RESPONSE:**

Admitted.  *See* Response to Request No. 9.

**REQUEST NO. 39:**

On October 14, 2008 Wells Fargo did not purchase Defendant's mortgage from MERS.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 40:**

On October 14, 2008, Wells Fargo did not purchase Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 41:**

Wells Fargo never purchased Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 42:**

Wells Fargo never owned Defendant's note.

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Admitted

**REQUEST NO. 43:**

Wells Fargo did not provide any consideration to MERS on October 14, 2008.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 44:**

On November 11, 2008, Wells Fargo did not own Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 45:**

On November 11, 2008, FNMA did not purchase Defendant's mortgage from Wells Fargo.

**RESPONSE:**

Admitted.

**REQUEST NO. 46:**

On November 11, 2008, FNMA did not purchase Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 47:**

FNMA never purchased Defendant's note from Wells Fargo

**RESPONSE:**

Admitted.

**REQUEST NO. 48:**

FNMA did not provide any consideration to Wells Fargo on November 11, 2008.

Electronically Served: 10/23/2017 12:22:25 PM
State of Rhode Island Kent County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Interpreting this request to state "FNMA did not provide any consideration to Wells

Fargo for the purchase of Defendant's note on November 11, 2008," admitted.

**REQUEST NO. 49:**

On June 11, 2009 Wells Fargo did not purchase Defendant's mortgage from FNMA.

**RESPONSE:**

Admitted.

**REQUEST NO. 50:**

On June 11, 2009, Wells Fargo did not purchase Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 51:**

Wells Fargo did not provide any consideration to FNMA on June 11, 2009.

**RESPONSE:**

Interpreting this Request to state "Wells Fargo did not provide any consideration to

FNMA to purchase Defendant's mortgage from FNMA on June 11, 2009," admitted.

**REQUEST NO. 52:**

On June 19, 2009, Wells Fargo did not own Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 53:**

On June 19, 2009, FNMA did not purchase Defendant's mortgage from Wells Fargo.

**RESPONSE:**

Admitted.

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

**REQUEST NO. 54:**

On June 19, 2009, FNMA did not purchase Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 55:**

FNMA did not provide any consideration to Wells Fargo on June 19, 2009.

**RESPONSE:**

Interpreting this request to state "FNMA did not provide any consideration to Wells

Fargo to purchase Defendant's note on June 19, 2009," admitted.

**REQUEST NO. 56:**

On November 29, 2010, Wells Fargo did not own Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 53:** [sic]

On November 29, 2010, FNMA did not purchase Defendant's mortgage from Wells
Fargo.

**RESPONSE:**

Admitted.

**REQUEST NO. 54:**

On November 29, 2010, FNMA did not purchase Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 55:**

FNMA did not provide any consideration to Wells Fargo on November 29, 2010.

14

Electronically Served: 10/23/2017 12:22:25 PM
State of Rhode Island Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Interpreting this request to state, "FNMA did not provide any consideration to Wells Fargo to purchase Defendant's note on November 29, 2010," admitted.

**REQUEST NO. 56:**

Exhibit C is a genuine and authentic of a document dated October 14, 2008.

**RESPONSE:**

Plaintiff answers that Exhibit C purports to be a recorded copy of an Assignment of Mortgage from MERS to Wells Fargo, which is a public document and speaks for itself.

**REQUEST NO. 57:**

Exhibit C was recorded in the Coventry Land Records on October 16, 2008.

**RESPONSE:**

Plaintiff answers that Exhibit C purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 58:**

Andrew Harmon did not sign Exhibit C.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 59:**

Exhibit D is a genuine and authentic of a document dated November 11, 2008.

**RESPONSE:**

Plaintiff answers that Exhibit D purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 60:**

Exhibit D was recorded in the Coventry Land Records on November 13, 2008.

15

**RESPONSE**

Plaintiff answers that Exhibit D purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 61:**

Andrew Harmon did not sign Exhibit D.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 62:**

Exhibit E is a genuine and authentic of a document dated June 11, 2009.

**RESPONSE:**

Plaintiff answers that Exhibit E purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 60:**[sic]

Exhibit E was recorded in the Coventry Land Records on June 16, 2009.

**RESPONSE:**

Plaintiff answers that Exhibit E purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 61:**

Andrew Harmon did not sign Exhibit E.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 62:**

Exhibit F is a genuine and authentic of [sic] a document dated June 19, 2009.

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Plaintiff answers that Exhibit F purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 63:**

Exhibit F was recorded in the Coventry Land Records on June 22, 2009.

**RESPONSE:**

Plaintiff answers that Exhibit F purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 64:**

Andrew Harmon did not sign Exhibit F.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 65:**

Exhibit G is a genuine and authentic of a document dated November 29, 2010.

**RESPONSE:**

Plaintiff answers that Exhibit G purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 66:**

Exhibit G was recorded in the Coventry Land Records on December 2, 2010.

**RESPONSE:**

Plaintiff answers that Exhibit G purports to be a copy of a recorded Assignment of Mortgage, which is a public document and speaks for itself.

**REQUEST NO. 67:**

Andrew Harmon did not sign Exhibit G.

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 68:**

Ohio Savings Bank changed its name to AmTrust Bank on April 23, 2007.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 69:**

AmTrust Bank failed on December 4, 2009.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 70:**

AmTrust Bank was taken over by the Federal Deposit Insurance Corporation on December 4, 2009.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.

**REQUEST NO. 71:**

AmTrust Bank did not own Defendant's mortgage on October 14, 2008.

**RESPONSE:**

Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  Further responding, Plaintiff states that Providence Postal Credit Union assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. its Successors and Assigns, as Nominee for Ohio Savings Bank, its Successors and Assigns, by way of an Assignment of Mortgage executed March 27, 2006 and recorded in the Town of Coventry Land Evidence Records on March 31, 2006 in Book 1717 at Page 171.  MERS assigned the Mortgage to Wells Fargo Bank, N.A. by

18

Electronically Served: 10/23/2017 12:22:25 PM
Providence/Bristol County Superior Court
Case Number: KD-2017-0293

way of an Assignment of Mortgage executed October 14, 2008 and recorded in the Town of

Coventry Land Evidence Records on October 16, 2008 in Book 1817 at Page 920.

**REQUEST NO. 72:**

AmTrust Bank did not own Defendant's note on October 14, 2008.

**RESPONSE:**

Admitted.

**REQUEST NO. 73:**

AmTrust Bank did not own Defendant's mortgage on October 14, 2008.

**RESPONSE:**

*See* Response to Request No. 71.

**REQUEST NO. 74:**

AmTrust Bank did not own Defendant's note on October 14, 2008.

**RESPONSE:**

Admitted.

**REQUEST NO. 75:**

Wells Fargo Bank, N.A. became servicer of Defendant's mortgage loan on August 1, 2006.

**RESPONSE:**

Admitted.

**REQUEST NO. 76:**

On August 1, 2006 Wells Fargo Bank, N.A. did not own Defendant's note.

**RESPONSE:**

Admitted.

**REQUEST NO. 77:**

On August 1, 2006 Wells Fargo Bank, N.A. did not own Defendant's mortgage.

19

**RESPONSE:**

Admitted.

**REQUEST NO. 78:**

Plaintiff filed an eviction case against the Defendant on March 20, 2011 in case number 3CA-201-01773.

**RESPONSE:**

Admitted.  Further answering, Plaintiff states that the pleadings in case number 3CA-2011-01773 speak for themselves.

**REQUEST NO. 79:**

Plaintiff voluntarily dismissed this case on January 31, 2015.

**RESPONSE:**

Plaintiff states that the pleadings in case number 3CA-2011-01773 speak for themselves.

**REQUEST NO. 80:**

Plaintiff filed an eviction complaint against Defendant on April 1, 2015 in case number 3CA-2015-02574.

**RESPONSE:**

Admitted.  Further answering, Plaintiff states that the pleadings in case number 3CA-2015-02574 speak for themselves.

**REQUEST NO. 81:**

Plaintiff voluntarily dismissed this case against Defendant on September 1, 2015.

**RESPONSE:**

Plaintiff states that the pleadings in case number 3CA-2015-02574 speak for themselves.

**REQUEST NO. 82:**

Plaintiff has voluntarily dismissed two eviction cases against the Defendant.

Electronically Served: 10/23/2017 12:22:25 PM
Providence/Bristol County Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Plaintiff states that the pleadings in cases 3CA-2011-01773 and 3CA-2015-02574 speak for themselves.  Plaintiff further states that each prior eviction case was premised on a different notice of termination.

**REQUEST NO. 83:**

Defendant did grant a mortgage to MERS as nominee for the Providence Postal Federal Credit Union.

**RESPONSE:**

Denied.  Further answering, Plaintiff states that the Mortgage and recorded assignments speak for themselves.

**REQUEST NO. 84:**

Defendant did grant a mortgage to MERS as nominee for any entity.

**RESPONSE:**

Denied.  Further answering, Plaintiff states that the Mortgage and recorded assignments speak for themselves.

**REQUEST NO. 85:**

Defendant did not grant a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for the lender and the lender's successors and assigns.

**RESPONSE:**

Admitted.  Further answering, Plaintiff states that the Mortgage and recorded assignments speak for themselves.  Section 13 of the Mortgage states that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender."  Section 20 provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result in a change in the entity (known as the

Electronically Served: 10/23/2017 12:22:25 PM
Providence/Bristol County Superior Court
Case Number: KD-2017-0293

"Loan Servicer") that collects Periodic Payments due under the Note and this Security

Instrument and performs other mortgage loan servicing obligations under the Note, this Security

Instrument, and Applicable Law."

**REQUEST NO. 86:**

     Defendant did not consent to the granting of his mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for the lender and the lender's successors and assigns.

**RESPONSE:**

     Plaintiff is unable to admit or deny this request, as Defendant did not "grant" the subject

mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for the lender and the

lender's successors and assigns.  Interpreting the request to read "Defendant did not consent to

the assignment of his mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for

the lender and the lender's successors and assigns," denied.  The Mortgage speaks for itself.

Section 13 of the Mortgage provides that "The covenants and agreements of this Security

Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns

of Lender."  Section 20 provides that "The Note or a partial interest in the Note (together with

this Security Instrument) can be sold one or more times without prior notice to Borrower[,]" and

that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects

Periodic Payments due under the Note and this Security Instrument and performs other mortgage

loan servicing obligations under the Note, this Security Instrument, and Applicable Law."

**REQUEST NO. 87:**

     Plaintiff possesses no documents by which Defendant granted a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for the lender and the lender's successors and assigns.

Electronically Served: 10/23/2017 12:22:25 PM
Superior Court
Case Number: KD-2017-0293

**RESPONSE:**

Admitted, as Defendant did not "grant" the Mortgage to Mortgage Electronic

Registration Systems, Inc.  The Mortgage speaks for itself.  Further answering, Section 13 of the

Mortgage provides that "The covenants and agreements of this Security Instrument shall bind

(except as provided in Section 20) and benefit the successors and assigns of Lender."  Section 20

provides that "The Note or a partial interest in the Note (together with this Security Instrument)

can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result

in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due

under the Note and this Security Instrument and performs other mortgage loan servicing

obligations under the Note, this Security Instrument, and Applicable Law."

**REQUEST NO. 88:**

Defendant's mortgage did not name MERS as a separate corporation acting solely as a
nominee for Lender and Lender's successors and assigns.

**RESPONSE:**

Admitted.  The Mortgage speaks for itself.  Further answering, Section 13 of the

Mortgage provides that "The covenants and agreements of this Security Instrument shall bind

(except as provided in Section 20) and benefit the successors and assigns of Lender."  Section 20

provides that "The Note or a partial interest in the Note (together with this Security Instrument)

can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result

in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due

under the Note and this Security Instrument and performs other mortgage loan servicing

obligations under the Note, this Security Instrument, and Applicable Law."

**REQUEST NO. 89:**

Defendant's mortgage did not mortgage grant and convey to MERS(solely as nominee
for Lender and Lender's successor and assigns) and to the successors and assigns of MERS with

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

Mortgage Covenant upon the Statutory Condition and with the Statutory Power of Sale the property owned by the Defendant at 7 Dion avenue, Coventry, Rhode Island.

**RESPONSE:**

Admitted.  Further answering, Plaintiff states that the Mortgage speaks for itself.  Section 13 of the Mortgage provides that "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Section 20 provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law."

**REQUEST NO. 90:**

Defendant's mortgage did not indicate that MERS held only legal title to the interests granted by the Defendant.

**RESPONSE:**

Admitted.  Further answering, Plaintiff states that the Mortgage speaks for itself.  Section 13 of the Mortgage provides that "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Section 20 provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law."  Section 22 of the Mortgage permits the Lender (and, pursuant to Section 13, it successors and assigns) to invoke the statutory power of sale in the event Borrower defaults and fails to cure the default.

24

Electronically Served: 10/23/2017 12:22:25 PM
Bristol County Superior Court
Case Number: KD-2017-0293

**REQUEST NO. 91:**

Defendant's mortgage did not indicate that MERS as nominee for Lender and Lender's successors and assigns has the right to foreclose and sell the property and to take any action required of Lender.

**RESPONSE:**

Denied.  Further answering, Plaintiff states that the Mortgage speaks for itself.  Section 13 of the Mortgage provides that "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Section 20 provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower[,]" and that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." Section 22 of the Mortgage permits the Lender (and, pursuant to Section 13, it successors and assigns) to invoke the statutory power of sale in the event Borrower defaults and fails to cure the default.

**DATED: October 23, 2017**

FEDERAL NATIONAL MORTGAGE ASSOCIATION

Respectfully submitted,

By: */s/ Michael E. Jusczyk*
    Michael E. Jusczyk
    mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017:

☒ I served this document through the electronic filing system on the following counsel of record:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

*Counsel for Defendant Louis M. Lesniak*

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk

Electronically Served: 10/23/2017 12:22:25 PM
State of Kent County Superior Court
Case Number: KD-2017-0293

# EXHIBIT 1

# NOTE

March 27, 2006                                                    Warwick, Rhode Island

## 7 DION AVENUE COVENTRY RI 02816
[Property Address]

**Redacted**

**1.   BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$154,000.00**  (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **PROVIDENCE POSTAL FEDERAL CREDIT UNION**  I will make all payments under this Note in the form of cash, check or  money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **6.875%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **MAY 1, 2006.** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **APRIL 1, 2036,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **24 CORLISS STREET, PROVIDENCE, RI 02940**  or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S .**$1,011.67**

**4.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## ALLONGE ATTACHED

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3200 1/01 *(Page 1 of 3 pages)*

*C M L*

Electronically Served: 10/23/2017 12:22:25 PM
Los Angeles County Superior Court
Case Number: KD-2017-0293

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01 *(Page 2 of 3 pages)*

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*[Sign Original Only]*

_____
LOUIS M. LESNIAK

WITNESS
GERALD A. MOSCA

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01 *(Page 3 of 3 pages)*

Electronically Served: 10/23/2017 12:22:25 PM
Scott County Superior Court
Case Number: KD-2017-0293

# ALLONGE TO NOTE

BORROWER:            LOUIS M. LESNIAK

ADDRESS:             7 DION AVENUE COVENTRY RI 02816

LOAN NUMBER:         Redacted

DATE:                MARCH 27 2006

LOAN AMOUNT:         $154,000.00

Without recourse, Pay to the order of

OHIO SAVINGS BANK
1111 CHESTER AVENUE
CLEVELAND OH   44114

PROVIDENCE POSTAL FEDERAL CREDIT UNION
BY

KENNETH F. POYTON, GENERAL MANAGER

Cleveland, Ohio _____ 20 ____
PAY TO THE ORDER OF

Without Recourse

OHIO SAVINGS BANK
fka OHIO SAVINGS BANK, F.S.B.

BY: _____
Robert Diamond
Authorized Agent

Electronically Served: 10/23/2017 12:22:25 PM
Location: Kent County Superior Court
Case Number: KD-2017-0293

# EXHIBIT 2

Electronically Served: 10/23/2017 12:22:25 PM
Kent County Superior Court
Case Number: KD-2017-0293

Wells Fargo Home Mortgage
P.O. Box 9039
Temecula, Ca 92589-9039



2237883733

Return Address only
Do not send payments to this address

August 1, 2010

671/708BKRUPT/RI

|||u||u||||u|||u|||||||u||u||||||||||||||||||||||||||||||||||
LOUIS M LESNIAK
7 DION AVE
COVENTRY, RI 02816-7321
|||u|||||||u|||||||||u||u||u|||||||||u||u||u||||

RE: Wells Fargo Home Mortgage Loan Number 

Dear Borrower(s):

Our records show that your mortgage is in default.  Our records further indicate that you have been discharged  from personal liability for this mortgage loan as a result of a Chapter 7 or Chapter 13 bankruptcy proceeding or that  Wells Fargo Home Mortgage has obtained an order granting it relief from the automatic bankruptcy stay.  However, you should be aware that the Mortgage remains as a valid lien against the property and will be foreclosed if amounts due thereunder are not made.  Please be advised that in the event of foreclosure, you would not be personally liable for any part of the debt, but you will lose your interest in and rights to the property.

The past due payments on this loan are to be made by September 15, 2010, or it will become necessary for us to accelerate the Mortgage Note and pursue the remedies against the property as provided for in the Mortgage or Deed of Trust.

The breakdown of the total past due amount on the account as of today's date is as follows:

| | | |
|---|---|---|
| Past Due Payments | $ | $23,568.30 |
| Late Charge Balance | $ | $0.00 |
| Other Fee Balance | $ | $4,776.58 |
| Unapplied Funds | -$ | $0.00 |
| Total due to cure the default and bring the loan current as of August 1, 2010 | $ | $28,344.88 |

To avoid the possibility of acceleration, you must pay this amount plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of this notice and on or before September 15, 2010 in CERTIFIED funds, to **Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017.**

If funds are not received by the above referenced date, we will proceed with acceleration.  Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the home or pursue any other remedy permitted under the terms of your Mortgage.

You have the right to reinstate the Mortgage Note and Mortgage or Deed of Trust after acceleration.  However, any future efforts or negotiations to reinstate the loan, including any payments of less than the full past due amount shall not constitute a waiver of the right of acceleration by Wells Fargo Home Mortgage unless otherwise agreed to, in writing, by Wells Fargo Home Mortgage.  Moreover, any forbearance by Wells Fargo Home Mortgage in exercising any right or remedy against the property shall not be a waiver of or preclude the exercise of any right or remedy it may have against the property.  If foreclosure is initiated, you will have the right to bring a court action to refute the existence of a default or offer any other

671.708.BKRUPT.RI.0

Electronically Served: 10/23/2017 12:22:25 PM
Providence County Superior Court
Case Number: KD-2017-0293

defense to acceleration you may deem appropriate. You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

We are required by federal law to notify you of the availability of government-approved home ownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies please call (800) 569-4287. We urge you to give this matter your immediate attention.

If you would like to discuss the present condition of this loan, or if we can be of further assistance, please call us at 1-800-766-0987, Monday through Friday, 8 AM to 8 PM, Central Time.

Sincerely,

Wells Fargo Home Mortgage
Default Loan Counseling Department

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

671.708.BKRUPT.RI.0